**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES W. MAYES, JR.,

    Plaintiff,

v.                                            CASE NO. 8:06-CV-216-T-30MSS

CITY OF TAMPA POLICE DEP'T,
GARY BALKCOM, JESSE P. MADSEN,
MARK DELAGE, and LIONA CRUMBLEY,

    Defendants.
_____/

## O R D E R

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an affidavit of indigency in which he seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2).

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter "PLRA") which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2005). The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Mayes v. 13th Judicial Circuit, et al.*, 8:00-cv-2156-T-24MAP (M.D. Fla. 2000) (failure to state a claim); (2) *Newsome v. Dep't of Corrs., et al.*, 4:00-CV-150-WS (N.D. Fla. 2000) (failure to state

a claim); (3) *Mayes v. Pasco County Sheriff's Office*, *et al.*, 8:00-CV-1372-T-30EAJ (M.D. Fla. 2002) (failure to state a claim); (4) *Mayes v. Pasco County Sheriff's Dep't, et al.,* No. 02-11092-H (11th Cir. 2002) (appeal dismissed as frivolous).

Because Plaintiff has on four occasions while incarcerated brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, his application to proceed *in forma pauperis* will be denied and this action will be dismissed without prejudice. *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff has not shown that he is under imminent danger of serious physical injury. Plaintiff may initiate a new civil rights action by completing and filing the enclosed civil rights complaint form and paying the full $350.00 filing fee. *Id.* (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee *at the time he initiates suit*" (emphasis added) (citation omitted)).

ACCORDINGLY, the Court **ORDERS** that:

1.  Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is DENIED.

2.  This case is hereby **DISMISSED** without prejudice.

3.   The **Clerk** of the Court shall enter judgment accordingly, terminate any pending motions, and close this case.

4.  The Clerk shall enclose a copy of the court-approved civil rights complaint form with Plaintiff's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff *Pro Se*

SA/jsh